# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK N.A., AS TRUSTEE FOR
THE HOLDERS OF MASTER
ADJUSTABLE RATE MORTGAGES
TRUST 2007-3, A NATIONAL
BANKING CORPORATION; AND
NATIONSTAR MORTGAGE, LLC, A
TEXAS LIMITED LIABILITY
CORPORATION,
Appellants,
vs.
TRP FUND IV, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Respondent.

No. 69748



FILED

NOV 16 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse the judgment and remand for further proceedings.

The record demonstrates that appellant U.S. Bank's predecessor tendered $127.50 to the HOA's agent, which represented at least 9 months of assessments.[1] *See Horizons at Seven Hills Homeowners*

---

[1]Although respondent argued in district court that $127.50 was based on the 2012 assessment rate and not on the 2013 rate, we note that the notice of delinquent assessment lien was issued in December 2012. *Cf.* NRS 116.3116(2) (2011) (describing the superpriority component of an HOA's lien as "the assessments for common expenses . . . which would have become due in the absence of acceleration during the 9 months immediately

18-904642

*Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 373, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [(2011)] . . . is limited to an amount equal to nine months of common expense assessments."). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018).

Respondent contends that the HOA agent's belief that collection costs were part of the superpriority portion of the lien constituted a good-faith basis for rejecting the tender. Even if such a belief would provide a good-faith basis to reject the tender, the record contains no evidence indicating why the tender was rejected. *See Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) (recognizing that "[a]rguments of counsel are not evidence and do not establish the facts of the case" (internal quotation and alteration omitted)). Additionally, although respondent contends that (1) the tender was ineffective because it imposed conditions, (2) U.S. Bank's predecessor needed to record evidence of the tender, and (3) respondent is protected as

preceding institution of an action to enforce the lien")); *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev., Adv. Op. 3, 388 P.3d 226, 231 (2017) (recognizing under the pre-2015 version of NRS 116.3116 that serving a notice of delinquent assessments constitutes institution of an action to enforce the lien). Additionally, the HOA's account ledger demonstrates that the HOA had not imposed any maintenance or nuisance abatement charges such that U.S. Bank's predecessor should have been required to pay those charges as part of its superpriority tender.

a bona fide purchaser, we recently rejected similar arguments.[2] *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-121. In light of the foregoing, respondent took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Pickering_____, J.
Pickering

_____Gibbons_____ J.          _____Hardesty_____, J.
Gibbons                            Hardesty

cc:    Hon. James Crockett, District Judge
       Janet Trost, Settlement Judge
       Akerman LLP/Las Vegas
       Hong & Hong
       Eighth District Court Clerk

---

[2]Respondent has not identified any condition that U.S. Bank's predecessor was not legally entitled to impose. We are not persuaded by respondent's argument that the letter accompanying the check contained conditions purporting to absolve the deed of trust beneficiary of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which the deed of trust beneficiary might again need to cure a default to avoid foreclosure.