# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, A NATIONAL ASSOCIATION,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 70060



FILED

NOV 1 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse the judgment and remand for further proceedings.

The record demonstrates that appellant Bank of America's agent tendered $99 to the HOA's agent, which undisputedly represented 9 months of assessments. *See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 373, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [(2011)] . . . is limited to an amount equal to nine months of common expense assessments."). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018).

18-904641

Respondent contends that the HOA agent's belief that collection costs were part of the superpriority portion of the lien constituted a good-faith basis for rejecting the tender. Even if such a belief would provide a good-faith basis to reject the tender, the record contains no evidence indicating why the tender was rejected. *See Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court,* 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) (recognizing that "[a]rguments of counsel are not evidence and do not establish the facts of the case" (internal quotation and alteration omitted)). Additionally, although respondent contends that (1) Bank of America's tender was ineffective because it imposed conditions, (2) Bank of America needed to record evidence of the tender, and (3) respondent is protected as a bona fide purchaser, we recently rejected similar arguments.[1] *Bank of America,* 134 Nev., Adv. Op. 72, 427 P.3d at 118-121. In light of the foregoing, respondent took title to the property subject to Bank of America's deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____ J.
Gibbons

_____, J.
Hardesty

---

[1]Respondent has not identified any condition that Bank of America was not legally entitled to impose.

cc: Hon. Douglas Smith, District Judge
John Walter Boyer, Settlement Judge
Akerman LLP/Las Vegas
Kim Gilbert Ebron
Fennemore Craig P.C./Reno
Arnold & Porter Kaye Scholer LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A