# IN THE SUPREME COURT OF THE STATE OF NEVADA

WHITE LANTERN, LLC,
Appellant,
vs.
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR THE
CERIFICATE-HOLDERS OF THE
GREENPOINT MORTGAGE FUNDING
TRUST 2005-HY1, ASSEST-BACKED
CERTIFICATES, SERIES 2005-HYI,
Respondent.

No. 73161

FILED

NOV 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

Appellant White Lantern argues that the district court erred in determining that respondent's predecessor tendered the defaulted superpriority portion of the HOA's lien to the HOA's agent before the foreclosure sale such that the sale did not extinguish the first deed of trust.

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

First, White Lantern argues that respondent did not offer sufficient evidence to meet its burden of proving that the tender was delivered to the HOA's agent. Having reviewed the record, we disagree.[2] Second, White Lantern argues that even if there was a tender, it was impermissibly conditional and therefore did not cure the default as to the superpriority portion of the lien. We disagree as explained in *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018), which considered the same language included with the tender in this case and held that it was not impermissibly conditional. Accordingly, the district court did not err in determining that respondent's predecessor tendered the superpriority amount to the HOA's predecessor and that the tender cured the default as to the superpriority portion of the lien.

White Lantern also argues that the district court erred in failing to consider its status as a bona fide purchaser (BFP), which gives it title to the property free and clear of the first deed of trust. As we recently held in *Bank of America*, however, a purchaser's status as a BFP is irrelevant where a tender cured the default as to the superpriority portion of the HOA's lien before the sale. *Id.* at 121.

---

[2]We have not considered the deposition testimony included in respondent's appendix as it does not appear that deposition was referenced in or attached to the summary judgment pleadings or otherwise considered by the district court in granting summary judgment. But, the same basic facts regarding the HOA agent's general practice when it received similar tenders at the relevant time are supported by a transcript of testimony during a bench trial in another case, *Premier One Holdings, Inc. v. Deutsche Bank Nat'l Tr. Co.*, No. A-13-681541-C, which was included as Exhibit 2 to respondent's opposition to White Lantern's motion for summary judgment.

Because respondent presented evidence that its predecessor tendered nine months of common expense assessments thus curing the default as to the superpriority portion of the HOA's lien before the foreclosure sale, the district court properly granted summary judgment to respondent. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____ J.
Gibbons

_____, J.
Hardesty

cc:     Hon. Timothy C. Williams, District Judge
        The Law Office of Mike Beede, PLLC
        Wright, Finlay & Zak, LLP/Las Vegas
        Eighth District Court Clerk