# IN THE SUPREME COURT OF THE STATE OF NEVADA

BAC HOME LOANS SERVICING, LP,
F/K/A COUNTRYWIDE HOME LOANS
SERVICING LP; RECONTRUST
COMPANY, N.A.; AND COUNTRYWIDE
BANK FSB,
Appellants,
vs.
KARMI PROPERTIES LLC,
Respondent.

No. 73108

FILED

NOV 1 _ 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from an order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

Appellant BAC Home Loans argues that the district court erred in determining that its tender of an amount equal to nine months of common expense assessments before the HOA foreclosure sale was not legally sufficient to cure the default on the superpriority portion of the HOA's lien. We agree because the bases for the district court's decision—that the tender included improper conditions, was a partial payment, and was not recorded—were recently rejected by this court in *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018). In that case, we determined that (1) the same condition included with the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

18-904716

tender in this case was one that the party making the tender had a right to insist upon;[2] (2) a plain reading of NRS 116.3116 (2012) shows that tendering nine months of common expense assessments is sufficient to cure the default as to the superpriority portion of an HOA's lien where, as here, there is no evidence of any charges for maintenance and nuisance abatement; and (3) neither NRS 111.315 or NRS 106.220 required that the tender be recorded. *Id.* at 117-121. We further determined in *Bank of America* that the purchaser's status as a bona fide purchaser does not give it title to the property sold at an HOA foreclosure free and clear of the first deed of trust where a tender cured the default as to the superpriority portion of the HOA's lien before the sale. *Id.* at 121. Consistent with *Bank of America*, we conclude that the district court erred in granting summary judgment to respondent. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

---

[2]We disagree with respondent's interpretation of the letter that accompanied the payment as requiring the HOA or its agent to agree that the payment was the maximum amount that the HOA could recover from any source or to waive any delinquent assessments that might accrue against the property in the future.

cc: Hon. Joseph Hardy, Jr., District Judge
Akerman LLP/Las Vegas
The Law Office of Mike Beede, PLLC
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A