# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
"MERS" A CORPORATION STATE OF
INCORPORATION UNKNOWN; BANK
OF AMERICA, N.A., A FEDERALLY
CHARTERED BANK REGISTERED IN
DELAWARE; AND U.S. BANK N.A., AS
TRUSTEE FOR THE HOLDERS OF
CSMC 2007-2,
Respondents.

No. 72222

**FILED**

DEC 0 4 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an interpleader and quiet title action. Eighth Judicial District Court, Clark County; Richard Scotti, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

The district court correctly determined that respondent U.S. Bank's agent tendered $531 to Nevada Association Services (NAS), which undisputedly represented 9 months of assessments. *See Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to

18-906847

that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-121.

Appellant contends that NAS had a good-faith basis for rejecting the tender—it believed collection costs made up part of the superpriority portion of the HOA's lien. But NAS's subjective good faith for rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by operation of law. *Id.* at 120. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and NAS's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect).

Appellant also contends that (1) U.S. Bank's tender was ineffective because it imposed conditions, (2) U.S. Bank needed to record evidence of the tender, (3) U.S. Bank needed to keep the tender good, and (4) appellant is protected as a bona fide purchaser, but we recently rejected similar arguments. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-21. We are not persuaded by appellant's argument that the letter accompanying the check contained conditions purporting to absolve U.S. Bank of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as

contemplating the underlying foreclosure proceeding and not a future scenario in which U.S. Bank might again need to cure a default as to the superpriority portion of the HOA's lien to protect its first deed of trust from foreclosure.

In sum, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____ J.
Gibbons

_____, J.
Hardesty

cc: Hon. Richard Scotti, District Judge
Kim Gilbert Ebron
Akerman LLP/Las Vegas
Eighth District Court Clerk

