# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEUTSCHE BANK NATIONAL TRUST COMPANY, AN UNKNOWN ENTITY,
Appellant,
vs.
PREMIER ONE HOLDINGS, INC., A NEVADA CORPORATION,
Respondent.

No. 69167

FILED

DEC 0 4 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court final judgment following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. Having considered the parties' arguments and the record, we conclude that the district court erred in entering judgment for respondent and therefore reverse and remand. *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo).

The evidence introduced at trial demonstrates that Deutsche Bank's agent tendered $817.38 to Nevada Association Services (NAS), which undisputedly represented 9 months of assessments. *See Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the deed of trust. *Id.* at 118-121.

Respondent contends that NAS had a good-faith basis for rejecting the tender—it believed collection costs made up part of the

SUPREME COURT
OF
NEVADA

(O) 1947A

*18-906841*

superpriority portion of the HOA's lien. But NAS's subjective good faith for rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by operation of law. *Id.* at 120. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and NAS's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect).

Respondent also contends that (1) Deutsche Bank's tender was ineffective because it imposed conditions, (2) Deutsche Bank needed to record evidence of the tender, and (3) respondent is protected as a bona fide purchaser, but we recently rejected similar arguments. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-21. We are not persuaded by respondent's argument that the letter accompanying the check contained conditions purporting to absolve Deutsche Bank of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which Deutsche Bank might again need to cure a default as to the superpriority portion of the HOA's lien to protect its first deed of trust.

In sum, the district court erred in canceling appellant's first deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ , J.
Pickering

_____ , J.          _____ , J.
Gibbons                                Hardesty

cc:     Hon. Elissa F. Cadish, District Judge
        John Walter Boyer, Settlement Judge
        Wright, Finlay & Zak, LLP/Las Vegas
        Hong & Hong
        Eighth District Court Clerk