IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., A NATIONAL ASSOCIATION, Appellant, vs. BDJ INVESTMENTS, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | No. 69856 |

FILED

DEC 0 4 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand for further proceedings.

The record shows that appellant Bank of America's agent tendered $945 to Nevada Association Services (NAS), which undisputedly represented 9 months of assessments. *See Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the deed of trust. *Id.* at 118-121.

Respondent contends that NAS had a good-faith basis for rejecting the tender—it believed collection costs made up part of the superpriority portion of the HOA's lien. But NAS's subjective good faith for

18-906844

rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by operation of law. *Id.* at 120. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and NAS's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect).

Respondent also contends that (1) Bank of America's tender was ineffective because it imposed conditions, (2) Bank of America needed to record evidence of the tender, and (3) respondent is protected as a bona fide purchaser, but we recently rejected similar arguments. *Bank of America,* 134 Nev., Adv. Op. 72, 427 P.3d at 118-21. We are not persuaded by respondent's argument that the letter accompanying the check contained conditions purporting to absolve Bank of America of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which Bank of America might again need to cure a default as to the superpriority portion of the HOA's lien to protect its first deed of trust from foreclosure.

In sum, the district court erred in granting summary judgment in favor of respondent and canceling appellant's first deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Pickering_____, J.
Pickering

_____Gibbons_____ J.      _____Hardesty_____, J.
Gibbons                        Hardesty

cc:   Hon. Elissa F. Cadish, District Judge
      Akerman LLP/Las Vegas
      Ayon Law, PLLC
      Eighth District Court Clerk