# IN THE SUPREME COURT OF THE STATE OF NEVADA

PAUL PAWLIK,
Appellant,

vs.

THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK, AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWALT,
INC., ALTERNATIVE LOAN TRUST
2006-0C4, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2006-0C4,
Respondent.

No. 71681

FILED

DEC 11 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

Appellant argues that the district court erred in determining that, because respondent tendered the superpriority portion of the HOA lien before the foreclosure sale, respondent's first deed of trust survived the foreclosure sale. In particular, appellant argues that the tender was conditional; respondent did not record the tender or otherwise keep the rejected tender "good"; and appellant's status as a bona fide purchaser gives him title to the property free and clear of respondent's first deed of trust even if respondent's tender discharged the superpriority portion of the HOA lien. We recently rejected similar arguments in *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 118-121 (2018), and see no reason to do otherwise here.

18-908115

Appellant also argues that respondent failed to show that the tender was rejected in bad faith. We conclude this argument is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by operation of law. *Id.* at 120. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and the basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect).

Consistent with *Bank of America*, the district court correctly determined that respondent satisfied the superpriority portion of the HOA lien by tendering $1,350—an amount equal to 9 months of common expense assessments—to the HOA's agent before the foreclosure sale. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 117 (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). As a result, the foreclosure sale did not extinguish the first deed of trust. Appellant thus took title to the property subject to the first deed of trust. Because the district court did not err in granting summary judgment on this basis, we need not address appellant's

arguments as to the alternative grounds included in the district court's decision. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Jessie Elizabeth Walsh, District Judge
        Noggle Law PLLC
        Akerman LLP/Las Vegas
        Eighth District Court Clerk

