IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TRP FUND IV, LLC, A DOMESTIC NON-PROFIT CORPORATION, Appellant, vs. THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006-31 CB MORTGAGE PASSTHROUGH CERTIFICATES SERIES 2006-31 CB, Respondent. | No. 74002   |

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Stefany Miley, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that respondent's agent tendered $750 to Red Rock Financial Services, which undisputedly represented 9 months of assessments.[2] *See Bank of America, N.A. v. SFR*

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Because no maintenance or nuisance abatement costs had been incurred at the time the tender was made, the tender for 9 months of assessments was sufficient to cure the default as to the superpriority portion of the HOA's lien. If the HOA had thereafter incurred such costs, it would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status. *Cf. Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 133 Nev., Adv. Op. 62, 401 P.3d 728, 731-

19-07808

*Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-121.

Appellant contends that Red Rock had a good-faith basis for rejecting the tender—it believed collection costs made up part of the superpriority portion of the HOA's lien. But Red Rock's subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by operation of law. *Id.* at 120. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and Red Rock's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect).

---

32 (2017) (observing that an HOA must restart the foreclosure process to enforce a second superpriority default).

Appellant further contends that (1) the tender was ineffective because it imposed conditions, (2) respondent's agent needed to record evidence of the tender, and (3) appellant is protected as a bona fide purchaser, but we recently rejected similar arguments. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-121. We are not persuaded by appellant's argument that the letter accompanying the check contained conditions purporting to absolve respondent of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which respondent might again need to cure a default to avoid foreclosure. Nor are we persuaded by appellant's argument that the letter or the check contained a condition purporting to absolve the homeowner of liability for the remaining unpaid balance.

Because the district court correctly determined that appellant took title to the property subject to the first deed of trust,[3] we

ORDER the judgment of the district court AFFIRMED.

_____*Pickering*_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

---

[3]We clarify that the district court did not grant respondent equitable relief. Rather, it correctly determined that appellant took title to the property subject to respondent's deed of trust because the superpriority tender cured the default as to that portion of the HOA's lien by operation of law. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 120.

cc: Hon. Stefany Miley, District Judge
The Wright Law Group
McCarthy & Holthus, LLP/Las Vegas
Eighth District Court Clerk