# IN THE SUPREME COURT OF THE STATE OF NEVADA

BAC HOME LOANS SERVICING, LP,
F/K/A COUNTRYWIDE HOME LOANS
SERVICING, LP,
Appellant,
vs.
PREMIER ONE HOLDINGS, INC.; AND
PECCOLE RANCH COMMUNITY
ASSOCIATION,
Respondents.

No. 74768



FILED

FEB 2 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

The district court erroneously granted summary judgment for respondent Premier One Holdings, as appellant's agent tendered $585 to respondent Peccole Ranch Community Association's agent (NAS), which undisputedly represented 9 months of assessments. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-07819

nine months of unpaid [common expense] assessments").[2] The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-21.

Premier One contends that NAS had a good-faith basis for rejecting the tender—it disagreed with appellant's agent regarding what amounts comprised the superpriority portion of Peccole Ranch's lien. But NAS's subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of Peccole Ranch's lien by operation of law. *Id.* at 120. Because the superpriority portion of Peccole Ranch's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and NAS's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be

---

[2]Because no maintenance or nuisance abatement costs had been incurred at the time the tender was made, the tender for 9 months of assessments was sufficient to cure the default as to the superpriority portion of Peccole Ranch's lien. If Peccole Ranch had thereafter incurred such costs, it would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status. *Cf. Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 133 Nev., Adv. Op. 62, 401 P.3d 728, 731-32 (2017) (observing that an HOA must restart the foreclosure process to enforce a second superpriority default).

relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect).

Premier One further contends that the tender was ineffective because it imposed conditions and that Premier One is protected as a bona fide purchaser, but we recently rejected similar arguments. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-121. We reject Premier One's argument that the letter accompanying the check contained conditions purporting to absolve appellant of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which appellant might again need to cure a default to avoid foreclosure. Accordingly, Premier One took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Hon. Douglas Smith, District Judge
     Wright, Finlay & Zak, LLP/Las Vegas
     Lipson Neilson P.C.
     Morris Law Center
     Eighth District Court Clerk

