This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, Wood v. Safeway, Inc. , 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse the judgment and remand for further proceedings.
The district court erroneously granted summary judgment for respondent, as appellant Bank of America's agent tendered $225 to the HOA's agent, which undisputedly represented 9 months of assessments. See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC , 132 Nev. 362, 373, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [ (2011) ] ... is limited to an amount equal to nine months of common expense assessments."). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. Bank of America, N.A. v. SFR Investments Pool 1, LLC, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018). Although respondent contends that Bank of America needed to record evidence of the tender and that respondent is protected as a bona fide purchaser, we recently rejected similar arguments. Id. at 119-121. Accordingly, respondent took title to the property subject to Bank of America's first deed of trust. We therefore
ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.