# IN THE SUPREME COURT OF THE STATE OF NEVADA

AVIANO HOMEOWNERS'
ASSOCIATION, A NEVADA DOMESTIC
NON-PROFIT CORPORATION,
Appellant,
vs.
WILMINGTON TRUST, N.A., AS
TRUSTEE FOR THE STRUCTURED
ASSET MORTGAGE INVESTMENTS II
TRUST, MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2007-AR1, AN
ENTITY OF UNKNOWN ORIGIN,
Respondent.

No. 73987



FILED

JAN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Stefany Miley, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that respondent Wilmington Trust's predecessor tendered $258 to Red Rock Financial Services, which undisputedly represented 9 months of assessments. *See Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

 
19-02805

HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-121.

Appellant contends that Red Rock had a good-faith basis for rejecting the tender—it believed collection costs made up part of the superpriority portion of the lien. But Red Rock's subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the lien by operation of law. *Id.* at 120. Because the superpriority portion of the lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and Red Rock's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect).

Appellant further contends that the tender was ineffective because it imposed conditions, but we recently rejected a similar argument. *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-21. We are not persuaded by appellant's argument that the letter accompanying the check conditioned acceptance of the tender as an agreement that the entire unpaid balance was being paid in full. To the contrary, the letter expressly stated that "*BANA's financial obligations towards the HOA* . . . have now been

'paid in full.'" (emphasis added).[2]  *Cf.* 1982 Uniform Common Interest Ownership Act, § 3-116 cmt. 1 (observing that a secured lender can protect its security interest by paying the superpriority portion of an HOA's lien); 1994 & 2008 Uniform Common Interest Ownership Acts, § 3-116 cmt. 2 (same).  Nor are we persuaded by appellant's argument that the letter accompanying the check contained conditions purporting to absolve the deed of trust beneficiary of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which the deed of trust beneficiary might again need to cure a default as to the superpriority portion of the HOA's lien to protect its first deed of trust from foreclosure.

In sum, the district court correctly determined that appellant took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.         _____, J.
Stiglich                                            Silver

---

[2]Because no maintenance or nuisance abatement costs had been incurred at the time the tender was made, the tender for 9 months of assessments was sufficient to cure the default as to the superpriority portion of the lien. If appellant had thereafter incurred such costs, it would have been necessary to issue new foreclosure notices if appellant sought to afford those costs superpriority status. *Cf. Property Plus Invs., LLC v. Mortgage Elec. Registration Sys., Inc.*, 133 Nev., Adv. Op. 62, 401 P.3d 728, 731-32 (2017) (observing that an HOA must restart the foreclosure process to enforce a second superpriority default).

cc: Hon. Stefany Miley, District Judge
William C. Turner, Settlement Judge
The Wright Law Group
Akerman LLP/Las Vegas
Eighth District Court Clerk