# IN THE SUPREME COURT OF THE STATE OF NEVADA

SATICOY BAY LLC, SERIES 346 S
MILAN ST.,
Appellant,
vs.
METLIFE HOME LOANS, LLC,
Respondent.

No. 74127

SATICOY BAY LLC, SERIES 346 S
MILAN ST.,
Appellant,
vs.
METLIFE HOME LOANS, LLC,
Respondent.

No. 74386

FILED

MAR 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from district court orders granting summary judgment for respondent MetLife Home Loans, LLC, in actions to quiet title and for judicial foreclosure. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.[1]

Reviewing the district court's summary judgments de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm. The record contains undisputed evidence that the lien asserted in the notice of delinquent assessments was for interest, late charges, management company fees, collection fees, and collection costs and that the former homeowner owed no past-due HOA assessments at that time. The district court therefore correctly determined that at the time of the foreclosure sale, there was no superpriority component of the HOA's lien that could have extinguished respondent's deed of trust. *See* NRS

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

19-11582

116.3116(2) (2011) (describing the superpriority component of an HOA's lien as "the assessments for common expenses . . . which would have become due in the absence of acceleration during the 9 months immediately *preceding* institution of an action to enforce the lien" (emphasis added)); *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev. 21, 26, 388 P.3d 226, 231 (2017) (recognizing under the pre-2015 version of NRS 116.3116 that serving a notice of delinquent assessments constitutes institution of an action to enforce the lien); *Horizons at Seven Hills Homeowners Assoc. v. Ikon Holdings, LLC*, 132 Nev. 362, 371, 373 P.3d 66, 72 (2016) ("[T]he superpriority lien granted by NRS 116.3116(2) does not include an amount for collection fees and foreclosure costs incurred; rather it is limited to an amount equal to the common expense assessments due during the nine months before foreclosure.").

Appellant's remaining claims lack merit. Appellant argues that the superpriority portion includes an amount equal to 9 months of HOA assessments, regardless of whether they were actually owed when the enforcement action commenced. Our determination that the relevant portion of the superpriority component was "the last nine months of unpaid HOA dues," *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 745, 334 P.3d 408, 411 (2014), rejects this view. Appellant's argument that only the beneficiary of a first deed of trust may tender payment for a superpriority portion is not at issue because the lien here did not contain a superpriority portion. Appellant's argument that its status as a bona fide purchaser warrants relief fails because that status is irrelevant where the foreclosure sale did not involve a superpriority component. *See Bank of Am., N.A., v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 121 (2018). Appellant's argument that public policy warrants relief is

unpersuasive where appellant urges that this court deviate from the controlling statutes and case law. Appellant's claim that respondent fails to show fraud, unfairness, or oppression is irrelevant because the district court did not set aside the foreclosure sale. *See Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 60, 366 P.3d 1105, 112 (2016). And appellant's argument that the foreclosure sale conformed with due process offers no basis to upset the district court's orders, which did not unwind that sale. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Valerie Adair, District Judge
Law Offices of Michael F. Bohn, Ltd.
Ballard Spahr LLP/Las Vegas
Ballard Spahr LLP/Salt Lake City
Eighth District Court Clerk

