# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAISEY TRUST,
Appellant,
vs.
GREEN TREE SERVICING, LLC,
Respondent.

No. 74110

FILED

MAR 1  2019

ELIZ... ... BROWN
CLERK OF ... ...ME COURT
BY
DEP... CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that respondent's predecessor tendered $414 to the HOA's agent (NAS), which undisputedly represented 9 months of assessments. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-121.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

Appellant contends that NAS had a good-faith basis for rejecting the tender—it believed collection costs made up part of the superpriority portion of the HOA's lien. But NAS's subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by operation of law. *Id.* at 120. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and NAS's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect).

Appellant further contends that (1) the tender was ineffective because it imposed conditions, (2) respondent's predecessor needed to record evidence of the tender, (3) respondent's predecessor needed to keep the tender good, and (4) appellant is protected as a bona fide purchaser, but we recently rejected similar arguments. *Bank of America,* 134 Nev., Adv. Op. 72, 427 P.3d at 118-121. Accordingly, the district court correctly determined

that appellant took title to the property subject to the first deed of trust.[2]
We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Ronald J. Israel, District Judge
       Eleissa C. Lavelle, Settlement Judge
       Law Offices of Michael F. Bohn, Ltd.
       Akerman LLP/Las Vegas
       Fennemore Craig P.C./Reno
       Arnold & Porter Kaye Scholer LLP
       Eighth District Court Clerk

---

[2]In light of this disposition, we need not decide whether respondent would have likewise been entitled to summary judgment based on 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar).