# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR NEW
CENTURY HOME EQUITY LOAN
TRUST, SERIES 2005-D, ASSET
BACKED PASS-THROUGH
CERTIFICATES,
Appellant,
vs.
NV EAGLES, LLC, A NEVADA
LIMITED LIABILITY COMPANY; AND
UNDERWOOD PARTNERS, LLC, A
FOREIGN LIMITED LIABILITY
COMPANY,
Respondents.

No. 75275

FILED

JUL 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in favor of respondent NV Eagles, LLC, and denying appellant Deutsche Bank National Trust Company's motion for summary judgment. Deutsche Bank also challenges an earlier order denying its motion for leave to amend its answer and counterclaim, or, alternatively, motion to stay litigation. Eighth Judicial District Court, Clark County; James Crockett, Judge.

NV Eagles purchased real property at a sale conducted pursuant to a homeowners' association (HOA) foreclosure. Prior to the foreclosure, the HOA recorded a notice of default and election to sell the real property based on an assessment lien it had levied against the property. Bank of America, N.A. (BANA), the second deed of trust holder on the property, inquired of the HOA as to the amount needed to satisfy the

19-31242

superpriority portion of the HOA's lien. The HOA advised BANA of the amount needed, and BANA tendered that amount to the HOA. BANA's tender was accepted by the HOA. After accepting the tender, the HOA foreclosed on the property. NV Eagles purchased the property at the HOA foreclosure sale. NV Eagles filed a complaint against Deutsche Bank to quiet title. Deutsche Bank countersued, and both parties filed competing motions for summary judgment. The district court granted summary judgment in favor of NV Eagles but denied summary judgment in favor of Deutsche Bank, and Deutsche Bank appealed.[1] We review the district court's summary judgment decision de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

On appeal, Deutsche Bank primarily argues that the district court erred in determining that a second deed of trust holder cannot tender the superpriority portion of an HOA lien on behalf of a first deed of trust holder. NV Eagles fails to offer any cogent argument to the contrary; rather, it simply argues that there is no evidence that the amount tendered by BANA was applied to the superpriority portion of the HOA's lien. *See* NRS

---

[1]Deutsche Bank also challenges the district court's denial of its motion for leave to amend its answer and counterclaim, or, alternatively, motion to stay litigation. "A district court's ruling on a motion to amend pleadings rests within the court's sound discretion and will not be disturbed absent a showing of abuse of discretion." *Whealon v. Sterling*, 121 Nev. 662, 665, 119 P.3d 1241, 1244 (2005). We conclude that the district court did not abuse its discretion because Deutsche Bank was aware of the additional parties and potential claims it sought to add at the time it filed its answer and counterclaim. *See, e.g., Kantor v. Kantor*, 116 Nev. 886, 893, 8 P.3d 825, 829 (2000) (concluding that a district court did not abuse its discretion in denying a motion for leave to amend where the moving party had knowledge of facts related to the validity of a premarital agreement but waited until the "eve" of trial to file a motion to amend).

116.3116(2) (2011) (providing that the superpriority portion of a HOA lien consists of "the assessments for common expenses . . . which would have become due in the absence of acceleration during the 9 months immediately preceding an institution of an action to enforce the lien"). We disagree.

Having reviewed the parties' arguments and the record, we conclude that the district court erred in granting summary judgment in favor of NV Eagles and denying summary judgment in favor of Deutsche Bank. There was overwhelming evidence before the district court showing that the payment tendered by BANA was applied to the superpriority portion of the HOA lien. For example, there was correspondence between BANA and the HOA regarding the amount needed to satisfy the superpriority portion of the HOA's lien, a copy of the HOA ledger for the homeowners' account documenting receipt of the exact amount provided to BANA as sufficient to satisfy the superpriority portion of the HOA's lien, and deposition testimony from an HOA representative confirming that the amount received from BANA was applied directly to the superpriority portion of the HOA's lien. Further, "after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the superpriority portion, because it cannot extinguish the first deed of trust on the property." *Bank of America, N.A. v. SFR Investments Pool 1, LLC,* 134 Nev., Adv. Op. 72, 427 P.3d 113, 121 (2018). As a result, Deutsche Bank's first deed of trust remained intact after the HOA's foreclosure. Therefore, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for further proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. James Crockett, District Judge
      John Walter Boyer, Settlement Judge
      Wright, Finlay & Zak, LLP/Las Vegas
      The Wright Law Group
      Hong & Hong
      Eighth District Court Clerk

---

[2]Given our disposition, we do not address Deutsche Bank's remaining arguments on appeal.