# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR GSAA HOME
EQUITY TRUST 2006-5; AND U.S.
BANK NATIONAL ASSOCIATION AS
INDENTURE TRUSTEE FOR HOME
EQUITY MORTGAGE TRUST,
Appellants,
vs.
PAUL PAWLIK,
Respondent.

No. 75452



FILED

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court judgment, certified as final under NRCP 54(b), following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.[1]

Having considered the parties' arguments and the record, we are not persuaded that the district court erred in entering judgment for respondent. *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo). Appellants contend that the HOA elected to foreclose on only the subpriority portion of its lien based on a mortgage protection clause contained in the HOA's CC&Rs. In particular, appellants contend that NRS 116.1104, which took effect in 1992 and which invalidates mortgage protection clauses, does not apply retroactively and therefore cannot invalidate the mortgage protection clause at issue in this case. *Cf. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757-58, 334 P.3d 408, 418-19 (2014) (holding that NRS 116.1104 prohibits an HOA governed by the Uniform Common Interest

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-14619

Ownership Act from using its CC&Rs to perpetually waive its statutory superpriority lien right).

We disagree. In 1999, the Legislature amended the Uniform Common Interest Ownership Act to clarify that CC&R provisions in common-interest communities created before 1992 that conflicted with the Act's provisions were deemed to conform to the Act. *See* 1999 Nev. Stat., ch. 572, § 16.5, at 2999 (amending NRS 116.1206 to provide that "[a]ny declaration, bylaw of other governing document of a common-interest community created before January 1, 1992, that does not conform to the provisions of this chapter shall be deemed to conform with those provisions"). Thus, after 1999, the HOA's CC&Rs were deemed to conform with the Act, such that the mortgage protection clause was no longer enforceable in light of NRS 116.1104.[2] *SFR Invs.*, 130 Nev. at 757-58, 334 P.3d at 418-19.

Appellants also contend that the superpriority portion of the HOA's lien was satisfied by payments the former homeowner made to the HOA's agent, portions of which were given to the HOA and which exceeded the $156 that comprised the superpriority portion of the HOA's lien. *Cf.*

---

[2]Although appellants contend that applying NRS 116.1104 would impair appellants' vested contract rights, we note that any contractual rights appellants obtained under the deed of trust vested *after* the 1999 amendments. *See Father & Sons & A Daughter Too v. Transp. Servs. Auth. of Nev.*, 124 Nev. 254, 263, 182 P.3d 100, 106 (2008) ("[T]he contracts clause does not protect prospective contracts, and none of the contracts in this case existed prior to the enactment of the relevant statutory provisions."). We additionally note that the post-sale distribution of proceeds was not entirely consistent with a subpriority-only sale, as the HOA would not have been entitled to the amount comprising the superpriority portion of its lien. Finally, we decline to address the arguments raised for the first time in appellants' reply brief. *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011).

*Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018) (holding that, under NRS 116.3116(2) (2012), "the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). However, the district court found that the HOA did not apply those payments to monthly assessments but instead applied it to "non-assessment charges" and that the payments "did not pay off the superpriority lien amount," which this court recently held was a permissible application of a homeowner's payments. *See 9352 Cranesbill Trust v. Wells Fargo Ba nk, N.A.*, 136 Nev., Adv. Op. 8, __ P.3d __ (Mar. 5, 2020) (explaining that if the homeowner does not choose how a partial payment is to be applied, the HOA is entitled to choose the application). Appellants do not meaningfully dispute that substantial evidence supports the district court's finding regarding the HOA's application, and we therefore reject appellants' contention that the superpriority portion of the HOA's lien was satisfied before the foreclosure sale.

Appellants finally contend that the district court erred in declining to set aside the sale on equitable grounds. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 747-50, 405 P.3d 641, 647-49 (2017) (reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent evidence of "fraud, unfairness, or oppression"). Although appellants contend that the mortgage protection clause amounts to unfairness, there is no evidence that appellants or potential bidders interpreted that clause as a representation that the superpriority portion of the HOA's lien was not being foreclosed such that bidding was chilled. *Cf. id.* at 741, 405 P.3d at 643 (observing that there must be "'some element of fraud, unfairness, or oppression *as accounts for and brings about the inadequacy of price*'" to justify setting

SUPREME COURT
OF
NEVADA

(O) 1947A

3

aside a foreclosure sale on equitable grounds) (emphasis added) (quoting *Shadow Wood Homeowners' Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 58, 366 P.3d 1105, 1111 (2016)). Appellants also contend that the HOA's agent (NAS) "lulled [appellants' loan servicer] into believing the lien payment was not due until April 4, 2014, despite selling the property on March 14, 2014." However, the payoff demand NAS provided appellants' loan servicer expressly stated, "Please be advised this payoff demand does not stop the pending HOA sale currently scheduled for 3/14/2014."[3] Accordingly, we are not persuaded that the district court erred in finding an absence of fraud, unfairness, or oppression sufficient to set aside the sale on equitable grounds.[4] In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                                        Cadish


cc:     Hon. Ronald J. Israel, District Judge
        Akerman LLP/Las Vegas
        Geisendorf & Vilkin, PLLC
        Noggle Law PLLC
        Eighth District Court Clerk

---

[3]Appellants have not explained how NRS 116.4109, which is in NRS Chapter 116, Article 4 ("Protection of Purchasers") and is entitled "Resales of units," supersedes the lien foreclosure timing provisions in NRS Chapter 116, Article 3.

[4]We have considered appellants' remaining equity-based arguments and are not persuaded that those arguments warrant a different outcome.