**NOT FOR PUBLICATION**



FILED

DEC 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILMINGTON TRUST, NATIONAL
ASSOCIATION, not in its individual
capacity but as Trustee of ARLP
Securitization Trust, Series 2014-2,

　　　　　Plaintiff-Appellee,

　v.

SATICOY BAY LLC SERIES 206
VALERIAN,

　　　　　Defendant-Appellant,

　and

NEVADA ASSOCIATION SERVICES,
INC.; CINNAMON RIDGE
COMMUNITY ASSOCIATION,

　　　　　Defendants.

No.　19-17573

DC No. 2:17 cv-0460-JAD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

---

　　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted December 11, 2020[**]
San Francisco, California

Before:     TASHIMA, TALLMAN, and MURGUIA, Circuit Judges.

Saticoy Bay LLC Series 206 Valerian ("Saticoy") appeals the judgment of the district court declaring that Saticoy purchased certain real property subject to a first deed of trust held by Wilmington Trust, National Association ("Wilmington"). We have jurisdiction under 28 U.S.C. § 1291, we review a grant of partial summary judgment de novo, *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir. 2001), and we affirm.

1.      The district court properly concluded that the homeowner's April 30, 2013, payment satisfied the superpriority portion of Cinnamon Ridge Community Association's ("HOA") lien.  First, Sharon Taylor Bergeron, the HOA's Rule 30(b)(6) designee, testified that the payment fully satisfied those assessments. Second, Bergeron relied on a ledger that confirms that the homeowner's payment resulted in a $0 balance on his HOA account.  Third, Saticoy did not produce any contrary evidence.  Because the homeowner's payment fully satisfied the superpriority portion of the lien, Saticoy took the property subject to the first deed of trust.  *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116 (Nev.

---

[**]      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

2018) (en banc) (as amended). Furthermore, because the HOA itself allocated the homeowner's payment to the delinquent assessments, the district court was not required to allocate the payment pursuant to the standards set out in *9352 Cranesbill Tr. v. Wells Fargo Bank, N.A.*, 459 P.3d 227, 231 (Nev. 2020).

2. Saticoy is not protected as a bona fide purchaser ("BFP"). Under Nevada law, "[a] party's status as a BFP is irrelevant when a defect in the foreclosure proceeding renders the sale void," and, "after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the superpriority portion, because it cannot extinguish the first deed of trust on the property." *Bank of Am., N.A.*, 427 P.3d at 121. Thus, even assuming Saticoy is a BFP, that status is irrelevant.

3. The district court did not err by granting Wilmington equitable relief. The relief awarded by the district court here is consistent with that awarded by the Nevada Supreme Court in comparable cases. *See, e.g.*, *id.*

4. Because the district court properly granted relief on Wilmington's tender theory, we need not address whether Wilmington could also prevail on its commercial unreasonableness theory.

5. Saticoy's argument that Wilmington's unjust enrichment claim is barred by the voluntary payment doctrine fails because it is based on the flawed

3

premise that the foreclosure sale extinguished Wilmington's deed of trust. The

district court therefore did not err by declining to dismiss this claim.

**AFFIRMED.**