136 Nev., Advance Opinion 85

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SATICOY BAY LLC SERIES 133 MCLAREN, Appellant, vs. GREEN TREE SERVICING LLC; THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS MASTER TRUST, REVOLVING HOME EQUITY LOAN ASSET BACKED NOTES, SERIES 2004-T; AND NATIONAL DEFAULT SERVICING CORPORATION, Respondents. | No. 78661 **FILED** DEC 3 1 2020 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY ____ CHIEF DEPUTY CLERK |

Appeal from a district court judgment in a quiet title action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

*Affirmed.*

Law Offices of Michael F. Bohn, Ltd., and Michael F. Bohn and Adam R. Trippiedi, Henderson,
for Appellant.

Akerman LLP and Scott R. Lachman, Ariel E. Stern, and Natalie L. Winslow, Las Vegas,
for Respondents.

20-46992

Fennemore Craig P.C. and Leslie Bryan Hart, Reno,
for Amicus Curiae Federal Housing Finance Agency.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, STIGLICH, J.:

In this appeal, we consider the effect of conclusive deed recitals pursuant to NRS 116.31166 on title disputes after a homeowners' association (HOA) lien foreclosure sale. In particular, appellant Saticoy Bay LLC Series 133 McLaren (Saticoy Bay) presents the following issue for determination: When a party makes a valid pre-sale tender as to the superpriority portion of an HOA's lien, do recitals in a foreclosure deed stating that the HOA's lien was in default preclude the district court from granting equitable relief? As a threshold matter, we clarify that a valid pre-sale superpriority tender preserves the original deed of trust by operation of law. Thus, we reject Saticoy Bay's suggestion that when the district court finds that a valid tender preserved the deed of trust, it is granting equitable relief. We further hold that the district court may find that a valid pre-sale tender preserved the original deed of trust, despite NRS 116.31166 conclusive recitals of default in a foreclosure deed. Finally, we reject Saticoy Bay's remaining contentions that the district court erred in finding that the tender at issue here was valid and preserved the original deed of trust. We therefore affirm the judgment of the district court.

## BACKGROUND

The original homeowners of 133 McLaren Street in Henderson (the property) executed a promissory note, secured by a deed of trust on the property, in 2004. That deed of trust was assigned in 2013 to respondent Green Tree Servicing, LLC (Green Tree). The original homeowners became delinquent on their HOA assessments. After this default, Nevada Association Services, Inc. (NAS) recorded a notice of delinquent assessment lien against the property in January 2011 and a notice of default and election to sell in September 2011, on behalf of the HOA.

In October 2011, Miles, Bauer, Bergstrom & Winters, LLP (Miles Bauer), acting as agent for the deed of trust beneficiary's loan servicer, sent a letter to NAS. Miles Bauer requested that NAS provide the status of the foreclosure proceedings and indicated that the servicer intended to satisfy the superpriority portion of the lien. NAS did not respond. In December 2011, Miles Bauer sent another letter and a check for $276.75 to NAS. The letter stated, in pertinent part: "This is a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that [the servicer]'s financial obligations toward the HOA in regards to the real property located at 133 McLaren Street have now been 'paid in full.'"[1] NAS refused the payment.

---

[1]While Miles Bauer's letter stated that it was sending a cashier's check, it was a standard check. Green Tree's predecessor arrived at this amount by using information it had on file for a different property belonging

The HOA proceeded with the foreclosure sale, after which the property was sold to Saticoy Bay. The foreclosure deed conveying the property to Saticoy Bay contained recitals pursuant to NRS 116.31166, including that "[d]efault occurred as set forth in a Notice of Default and Election to Sell . . . which was recorded in the office of the recorder of [Clark County]."

Saticoy Bay brought an action to quiet title, and Green Tree counterclaimed for the same. Following a bench trial, the district court entered judgment for Green Tree, finding that the first deed of trust had not been extinguished because there had been a valid tender. Saticoy Bay appealed, and the Federal Housing Finance Agency filed an amicus brief supporting Green Tree's position. The court of appeals affirmed. We granted Saticoy Bay's subsequent petition for review under NRAP 40B, and we now issue this opinion addressing its arguments.

### STANDARD OF REVIEW

Findings of fact are given deference and will not be set aside unless they are clearly erroneous or not supported by substantial evidence. *Sowers v. Forest Hills Subdiv.*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013). Conclusions of law are reviewed de novo. *Dewey v. Redev. Agency of Reno*, 119 Nev. 87, 93, 64 P.3d 1070, 1075 (2003).

---

to the same HOA. Whether this amount was sufficient to cover the superpriority portion of the lien is not disputed in this appeal.

## DISCUSSION

Saticoy Bay argues that the district court erred in granting what it characterizes as equitable relief because the recitals in the foreclosure deed conclusively prove that the superpriority portion of the HOA's lien was in default at the time of the sale. In addition, Saticoy Bay makes three other arguments in support of its contention that the district court erred in finding that a valid tender by Green Tree's predecessor prevented the deed of trust from being extinguished by the HOA foreclosure sale.

*Conclusive recitals of default in a foreclosure deed do not prevent a valid pre-sale tender from preserving a deed of trust*

Saticoy Bay argues that the tender by Green Tree's predecessor could not preserve the original deed of trust because the foreclosure deed contained recitals that are conclusive according to NRS 116.31166. We disagree.

As it read at the time of the underlying events of this action, NRS 116.31166(1) (2013) stated that certain recitals in a deed pursuant to NRS 116.31164 "are conclusive proof of the matters recited." The enumerated recitals are "(a) [d]efault, the mailing of the notice of delinquent assessment, and the recording of the notice of default and election to sell; (b) [t]he elapsing of the 90 days; and (c) [t]he giving of notice of sale." *Id.*

Nothing in the text of NRS 116.31166 rules out the possibility, however, that a default can subsequently be deemed to have been cured by a valid pre-sale tender. Indeed, this court has defined a tender as a payment that "operates to discharge a lien *or cure a default.*" *Bank of Am., N.A. v.*

*SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018) (emphasis added).

Moreover, we have never accepted the proposition that NRS 116.31166 recitals are dispositive of every conceivable issue in a quiet title action. For instance, in *Shadow Wood Homeowners Association v. New York Community Bancorp, Inc.*, this court held that the district court has equitable power to invalidate a foreclosure sale despite such recitals. 132 Nev. 49, 57-60, 366 P.3d 1105, 1110-12 (2016). There, we declined to give NRS 116.31166 a "breathtakingly broad" and unprecedented reading that would allow a deed recital to "conclusively establish[ ] a default justifying foreclosure when, in fact, no default occurred." *Id.* at 57, 366 P.3d at 1110 (internal quotation marks omitted). While that portion of *Shadow Wood* was arguably dictum, our reasoning was sound, and we adopt it here. Thus, we now expressly hold that NRS 116.31166's deed recitals do not "render[ ] such deeds unassailable." *Id.* at 51, 366 P.3d at 1107.

Accordingly, deed recitals pursuant to NRS 116.31166 do not insulate the circumstances attested to in the recitals from review by courts in appropriate cases. Applying the foregoing principles, we conclude that the district court properly found that the tender by Green Tree's predecessor preserved the original deed of trust such that Saticoy Bay took the property subject to Green Tree's interest, notwithstanding the recital of default in the foreclosure deed. Stated another way, the recital of default could not prevent the preservation of the deed of trust when, in fact, a valid tender cured the default.

Further, we reject Saticoy Bay's argument that the district court was required to weigh the equities before finding a valid tender.

SUPREME COURT
OF
NEVADA

(O) 1947A

While a court's authority to look beyond a foreclosure deed in a quiet title action is an inherent equitable power, *see Shadow Wood*, 132 Nev. at 57, 366 P.3d at 1111, a valid tender cures a default *"by operation of law"*—that is, without regard to equitable considerations. *See Bank of Am.*, 134 Nev. at 610, 427 P.3d at 120 (emphasis added).

*The valid tender by Green Tree's predecessor preserved the original deed of trust*

Saticoy Bay next claims that it did not take title subject to the first deed of trust because (1) the tender of the superpriority portion of the HOA's lien was improperly conditional and therefore invalid; (2) NAS had a good-faith basis for rejecting the tender; and (3) any tender would merely assign the superpriority lien to the servicer, not extinguish it. We disagree and uphold the district court's finding that a valid tender preserved the first deed of trust.

In *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, this court concluded that "a first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at the foreclosure taking the property subject to the deed of trust." 134 Nev. at 605, 427 P.3d at 116. A conditional tender is valid so long as the only conditions are ones "on which the tendering party has a right to insist." *Id.* at 607, 427 P.3d at 118.

This case is controlled by *Bank of America*. Here, as in *Bank of America*, Miles Bauer tendered a payment for nine months of HOA assessments, and the HOA rejected this tender. The letter from Miles Bauer contained identical language as the letter in *Bank of America*, which this court found to be not impermissibly conditional, but rather containing conditions the servicer could insist upon as of right. *See id.* at 607-08, 427

P.3d at 118. As such, under *Bank of America*, the tender in this matter was not improperly conditional.

Saticoy Bay's argument that NAS had a good-faith basis for rejecting the tender likewise fails. An alleged good-faith basis for rejecting a timely, complete tender is not relevant because, as noted above, the tender itself cures the default "by operation of law." *See id.* at 610, 427 P.3d at 120.

Finally, we reject Saticoy Bay's contention that a tender of payment for a superpriority lien does not *satisfy* the lien, but rather *assigns* the lien to the party proffering the tender. Under this novel argument, the superpriority foreclosure sale was sufficient to extinguish the first deed of trust because a superpriority lien was still in existence—albeit held by Green Tree's predecessor, the same party that held the deed of trust. This argument fails under *Bank of America*, which explicitly held that "[t]endering the superpriority portion of an HOA lien does not create, alienate, *assign*, or surrender an interest in land." *Id.* at 609, 427 P.3d at 119 (emphasis added). Rather, when the holder of a deed of trust or its agent tenders payment, we explained, it "*preserves*" its interest in the property. *Id.* (emphasis in original).[2]

## CONCLUSION

Having concluded that a valid tender cured the default as to the superpriority portion of the HOA's lien, we affirm the district court's

---

[2]Green Tree also raises an argument under the Federal Foreclosure Bar. Because we hold that Green Tree's deed of trust was preserved on other grounds, we need not discuss this alternative argument.

judgment that Saticoy Bay took title subject to Green Tree's first deed of trust.

_____, J.
Stiglich

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cadish

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A

9