NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF AMERICA, NA, Successor By Merger To Bac Home Loans Servicing, LP, Countrywide Home Loans Servicing, LP,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>TRP FUND VI LLC,<br><br>Defendant-Appellant,<br><br>and<br><br>SILVERSTONE RANCH COMMUNITY ASSOCIATION; CONTRA INVESTMENT GROUP, LLC; HAMPTON & HAMPTON COLLECTIONS, LLC,<br><br>Defendants. | No.  19-15454<br><br>D.C. No.<br>2:16-cv-01795-GMN-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted December 22, 2021[**]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges

TRP Fund VI LLC ("TRP") appeals from a grant of summary judgment for Bank of America, NA ("Bank") in this action for declaratory judgment and quiet title for 8064 Celina Hills Street, Las Vegas NV ("Property"), a home within the Silverstone Ranch Community Association ("HOA"). As the facts are known to the parties, we repeat them only as necessary to explain our decision.

The Bank tendered the amount necessary to satisfy the superpriority portion of the HOA's lien on the property on August 26, 2011 when the bank tendered to the HOA a check for $509.85, equal to nine months of delinquent HOA assessments. *See Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 118 (Nev. 2018), *as amended on denial of reh'g* (Nov. 13, 2018). There were no maintenance or nuisance abatement charges in the lien on the Property at the time of tender. And the HOA waived any objections to the tender by accepting tender without any conditions or objections. *See Milner v. Dudrey*, 362 P.2d 439, 444 (Nev. 1961).

Because the Bank satisfied the superpriority portion of the lien before the foreclosure sale, the Bank "cured the default and prevented foreclosure as to the superpriority portion of the HOA's lien by operation of law." *SFR Investments Pool 1*, 427 P.3d at 116. TRP's predecessor thus purchased the Property subject to the Bank's first deed of trust. *Id.* at 116. Therefore, the district court was correct

to grant summary judgment for the Bank in this quiet title action.

**AFFIRMED.**