# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY S. NOONAN; AND
SUZANNAH R. NOONAN,
Appellants,
vs.
BAYVIEW LOAN SERVICING, LLC;
AND HAMPTON & HAMPTON
COLLECTIONS, LLC,
Respondents.

No. 73665

FILED

APR 08 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

ANTHONY S. NOONAN; AND
SUZANNAH R. NOONAN,
Appellants,
vs.
HAMPTON & HAMPTON
COLLECTIONS, LLC,
Respondent.

No. 74525

## ORDER AFFIRMING IN PART AND REVERSING AND REMANDING IN PART

These are consolidated appeals from district court orders granting summary judgment and awarding attorney fees in a quiet title action.[1]   Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Summary judgment (Docket No. 73665)

Appellants Anthony and Suzannah Noonan first argue that reversal of the summary judgment is warranted because there was a genuine issue of material fact as to whether Bayview Loan Servicing, LLC, had an interest in the subject property that would support its claim to quiet

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

19-15060

title. We disagree as evidence in the record demonstrates that Bayview was acting as the servicer on the loan.[2] *See Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 133 Nev. 247, 250, 396 P.3d 754, 756-57 (2017) (observing that loan servicers are contractually authorized to assert claims on behalf of a deed of trust beneficiary); *cf. In re Montierth*, 131 Nev. 543, 547-48, 354 P.3d 648, 651 (2015) (recognizing that it is an acceptable practice for a loan servicer to serve as the beneficiary of record for the actual deed of trust beneficiary). This argument therefore does not provide a basis to reverse the summary judgment.

They next argue that the failure to record the tender pursuant to NRS 111.315 and NRS 106.220 renders it ineffectual to cure the default on the superpriority portion of the HOA's lien. But we recently held that neither of these statutes require a tender to be recorded, *see Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 119-20 (2018), such that reversal is not warranted based on this argument. The Noonans' purported status as a bona fide purchaser (BFP) is also inconsequential because, "after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the superpriority portion," and "[a] party's status as a BFP is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* at 121.

Finally, the Noonans challenge the district court's summary judgment in favor of Hampton & Hampton Collections, LLC, on their negligent misrepresentation and deceptive trade practices claims.

---

[2]The Noonans contends that Bayview's evidence does not establish that it was the servicer for the owner of the loan at the time of the HOA foreclosure sale but we disagree. Bayview's NRCP 30(b)(6) witness attested that Bayview was a servicing agent on behalf of the owner of the loan, which the witness presumably confirmed based on his review of the relied-upon business records.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Summary judgment was appropriate on the negligent misrepresentation claim because Hampton neither made an affirmative false statement nor omitted a material fact it was bound to disclose. *See Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. 394, 400, 302 P.3d 1148, 1153 (2013) (providing the elements for a negligent misrepresentation claim); *Nelson v. Heer*, 123 Nev. 217, 225, 163 P.3d 420, 426 (2007) ("[T]he suppression or omission of a material fact which a party is bound in good faith to disclose is equivalent to a false representation." (internal quotation marks omitted)). *Compare* NRS 116.31162(1)(b)(3)(II) (2017) (requiring an HOA to disclose if tender of the superpriority portion of the lien has been made), *with* NRS 116.31162 (2013)[3] (not requiring any such disclosure). The Noonans' deceptive trade practices claim fails under NRS 598.092(8) for the same reason. Additionally, this case does not involve an advertisement or offer for an opportunity to invest or the sale or lease of goods or services, negating the application of NRS 598.092(5)(c) (investing) and NRS 598.0923(2) (sale or lease of goods or services). Based on the foregoing, we affirm the district court's grant of summary judgment in favor of respondents. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing the grant of summary judgment de novo).

<u>Attorney Fees (Docket No. 74525)</u>

The Noonans next challenge the district court's award of attorney fees to Hampton, arguing that the award was an abuse of discretion under both NRCP 68 and NRS 18.010.[4] *See Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 80, 319 P.3d 606, 615 (2014) (reviewing an award

---

[3]This was the version of the statute in place at the time of the foreclosure sale.

[4]The Noonans do not challenge the district court's costs award.

of attorney fees under an abuse of discretion standard). As to the amount awarded under NRCP 68, we disagree. The district court found that the Noonans' claims of negligent misrepresentation and violations of Nevada's Deceptive Trade Practices Act were not brought in good faith as the Noonans were sophisticated parties and their claims lacked proper support; that the offer of judgment was reasonable in both timing (after summary judgment briefing) and amount ($1,000); and that the Noonans' rejection of the offer was unreasonable and not in good faith. *See* NRCP 68 (2005); *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983) (providing the factors the district court must consider when deciding whether to award attorney fees based on a rejected offer of judgment). Although we may not agree with the district court's decision on each individual factor, its overall evaluation was not arbitrary or capricious and its decision to award attorney fees under NRCP 68 was therefore not an abuse of discretion. *See Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 251, 955 P.2d 661, 672 (1998) (recognizing that a district court's decision to award fees under NRCP 68 should be overturned only when its evaluation of the relevant factors is arbitrary or capricious). We also find no abuse of discretion in the amount of attorney fees the district court awarded under NRCP 68— $33,861—as its decision evinces a proper consideration of the relevant factors announced in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969) and therefore affirm that award.

The district court awarded additional attorney fees under NRS 18.010(2)(b). We reverse as to this award because the requirements for awarding attorney fees under that statute were not met. *See Frederic & Barbara Rosenberg Living Tr. v. MacDonald Highlands Realty, LLC*, 134 Nev., Adv. Op. 69, 427 P.3d 104, 112-13 (2018) (holding that NRS 18.010(2)(b) should not be used to deter parties from pursuing novel legal

SUPREME COURT
OF
NEVADA

(O) 1947A

4

theories). We therefore remand this case for the district court to enter an amended judgment limited to the attorney fees awarded under NRCP 68 and costs.

It is so ORDERED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Cadish_____, J.
Cadish

cc:    Hon. Stefany Miley, District Judge
The Law Office of Mike Beede, PLLC
Akerman LLP/Las Vegas
Gerrard Cox & Larsen
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Holland & Hart LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A