IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A LIMITED LIABILITY COMPANY,
Appellant,
vs.
MARCHAI B.T., A BANK TRUST,
Respondent.

No. 74416

FILED

MAR 1 8 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a district court summary judgment in a judicial foreclosure action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez; Linda Marie Bell, Judges. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate and remand.[1]

Appellant first argues that the district court erred in finding that the 2008 notice of delinquent assessment, rather than the 2011 notice of delinquent assessment, was the operative notice for calculating the amount of the NRS Chapter 116 superpriority default. Appellant does not claim that the HOA rescinded the first notice or that the lien was otherwise satisfied, but instead argues that the HOA was not required to record any rescission.[2] We conclude that the district court did not err in finding the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]We note that the district court did not state that the HOA was required to record a rescission of the first notice of delinquent assessment but, rather, stated that the HOA had not withdrawn/rescinded the notice or otherwise stated it was satisfied.

20-10520

2008 notice to be the operative notice. We have previously held that the HOA must provide a notice of delinquent assessment before it can take any action to begin an NRS Chapter 116 foreclosure, and that the superpriority amount equals nine months of assessments incurred before the notice of delinquent assessment. *See* NRS 116.3116(2) (2009) (describing the superpriority component of an HOA's lien as "the assessments for common expenses . . . which would have become due . . . during the 9 months immediately preceding institution of an action to enforce the lien"); *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev. 21, 25-26, 388 P.3d 226, 231 (2017) (recognizing that under the pre-2015 version of NRS 116.3116, serving a notice of delinquent assessments constitutes institution of an action to enforce the lien). We have also implicitly recognized that an HOA cannot enforce two superpriority liens on the same property at the same time. *See Prop. Plus Invs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 133 Nev. 462, 466, 401 P.3d 728, 731 (2017) (holding that "NRS 116.3116 does not limit an HOA to one lien enforcement action or one superpriority lien per property *forever*" (emphasis added)); *see also JPMorgan Chase Bank, N.A. v. SFR Invs. Pool 1, LLC*, 200 F. Supp. 3d 1141, 1167-68 (D. Nev. 2016) (recognizing that an HOA can assert a second superpriority lien after a previous superpriority lien has been satisfied). Accordingly, the district court properly found that the superpriority portion of the HOA's lien in this case was comprised of the nine months of assessments incurred before the 2008 notice of delinquent assessment, as that is the notice that instituted the action to enforce the lien in this case.

Turning to the arguments regarding tender, in *9352 Cranesbill Trust v. Wells Fargo Bank, N.A.*, 136 Nev., Adv. Op. 8 (Mar. 5, 2020), this court held that payments made by a homeowner can cure the default on the

superpriority portion of an HOA lien such that the HOA's foreclosure sale would not extinguish the first deed of trust on the subject property. Whether a homeowner's payments actually cure a superpriority default, however, depends upon the actions and intent of the homeowner and the HOA and, if those cannot be determined, upon the district court's assessment of justice and equity. *See id.* slip op. at 7-9 (explaining that "[i]f neither the debtor nor the creditor makes a specific application of the payment, then it falls to the [district] court to determine how to apply the payment").

In this case, the district court correctly determined that the homeowner's payments could cure the default on the superpriority portion of the HOA's lien. However, the district court erred in concluding that the homeowner's payments cured the superpriority default without analyzing the intent of homeowner and HOA and, if appropriate, the equities as discussed in *9352 Cranesbill.* While we recognize that the district court did not have the benefit of the *9352 Cranesbill* opinion when entering its decision in this matter, we still must vacate the grant of summary judgment and remand this matter to the district court for further proceedings in line with that opinion.[3]

---

[3]Because appellant's purported status as a bona fide purchaser for value may be irrelevant on remand, we decline to address this issue further at this time. *See 9352 Cranesbill Tr.*, 136 Nev., slip op. at 10 (declining to address bona-fide-purchaser status when issues regarding tender remained); *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 612, 427 P.3d 113, 121 (2018) (providing that a party's status as a bona fide purchaser "is irrelevant when a defect in the foreclosure proceeding renders the sale void," such as a valid tender). And, because we have already concluded that the district court improperly granted summary judgment, we need not address appellant's argument that the district court erred in granting summary judgment sua sponte.

Based on the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_Pickering_ , C.J.
Pickering

_Gibbons_ , J.
Gibbons

_Silver_ , J.
Silver


cc:    Hon. Linda Marie Bell, Chief Judge
       Hon. Elizabeth Goff Gonzalez, District Judge
       Janet Trost, Settlement Judge
       Kim Gilbert Ebron
       David J. Merrill, P.C.
       Eighth District Court Clerk