**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF NEW YORK MELLON, FKA Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-13CB, Mortgage Pass-Through Certificates, Series 2005-13CB,<br><br>    Plaintiff-counter-<br>    defendant-Appellee,<br><br>  v.<br><br>SUN CITY ANTHEM COMMUNITY ASSOCIATION, INC.; RED ROCK FINANCIAL SERVICES, LLC,<br><br>    Defendants,<br><br> and<br><br>2167 MAPLE HEIGHTS TRUST,<br><br>    Defendant-counter-claimant-<br>    Appellant. | No.    19-15520<br><br>D.C. No.<br>2:17-cv-02161-APG-PAL<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

---

        *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 9, 2020[]
Seattle, Washington

Before: HAWKINS, D.M. FISHER,[***] and M. SMITH, Circuit Judges.

We have jurisdiction over this diversity quiet title dispute pursuant to 28 U.S.C. § 1291. Because we conclude that Appellant 2167 Maple Heights Trust's (Maple Heights) only argument on appeal was waived, we affirm the district court's grant of summary judgment for Appellee Bank of New York Mellon (BNY).

Maple Heights's single argument on appeal is that BNY's quiet title action was barred by the three-year statute of limitations in Nev. Rev. Stat. § 11.190(3)(a). However, Maple Heights concedes that it failed to raise its statute of limitations argument before the district court, and fails to make a compelling argument as to why we should consider it now.

We may consider an issue raised for the first time on appeal "under certain narrow circumstances," and only where consideration of the issue will not prejudice the opposing party. *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) (citation omitted). We may exercise our discretion to consider such an argument in

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

order "(1) to prevent a miscarriage of justice; (2) when a change in law raises a new issue while an appeal is pending; and (3) when the issue is purely one of law." *AlohaCare v. Hawaii Dep't of Human Servs.*, 572 F.3d 740, 744–45 (9th Cir. 2009) (internal quotation marks and citation omitted).

Maple Heights argues that considering the statute of limitations applicable here would be "important to the public." But this argument is negated by the fact that several Ninth Circuit panels are further along in the process of deciding the precise issue argued by Maple Heights, including one panel which has certified related questions to the Nevada Supreme Court. *See* Order Certifying Questions to the Nevada Supreme Court, *U.S. Bank, N.A. v. Thunder Props., Inc.,* Case No. 17-16399 (9th Cir. May 1, 2020), ECF No. 62; *see also* Order, *Prof-2013-S3 Legal Title Tr. v. SFR Invs. Pool 1, LLC*, No. 19-15260 (9th Cir. Apr. 3, 2020), ECF No. 51.

Maple Heights also argues that intervening case law made its statute of limitations argument viable. But the single case that Maple Heights cites for this proposition does not concern the statute of limitations applicable to quiet title or declaratory relief actions like these. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev. 2018) ("*Diamond Spur*") (en banc). Maple Heights seems to argue that *Diamond Spur*, issued in September of 2018, opened the door to certain new arguments to be made by banks like BNY here. But the district

3

court docket confirms that *Diamond Spur*, which came down well before the district court ruled on summary judgment, only supplemented the tender arguments already made by BNY in its summary judgment briefing. *See* Dist. Ct. Dkt. Nos. 28, 36, 45 (*Diamond Spur* filed without additional argument). Moreover, between the time that BNY filed *Diamond Spur* as supplemental authority and the district court's summary judgment ruling, five months elapsed in which Maple Heights could have raised its statute of limitations argument. *See* Dist. Ct. Dkt. Nos. 45–47. Maple Heights does not point to any other intervening change in law or circumstance that explains its failure to raise the statute of limitations issue before the district court.

Accordingly, although we agree that the question of whether the three-year statute of limitations in Nev. Rev. Stat. § 11.190(3)(a) applies here is a pure question of law, *see Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011), Maple Heights nevertheless fails to convince us that "exceptional circumstances," *AlohaCare*, 572 F.3d at 744, are present here such that we should exercise our discretion to hear its waived legal argument.

**AFFIRMED.**