NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DITECH FINANCIAL LLC,<br><br>        Plaintiff-Counter-<br>        Defendant-Appellant,<br><br>  v.<br><br>CLEARWATER COVE HOMEOWNERS<br>ASSOCIATION; RED ROCK<br>FINANCIAL SERVICES, LLC,<br><br>        Defendants-Appellees,<br><br>SATICOY BAY LLC, SERIES 8891<br>SANIBEL SHORE AVE.,<br><br>        Defendant-Counter-Claimant-<br>        Appellee. | No.   19-16692<br><br>D.C. No.<br>2:18-cv-00250-RFB-BNW<br><br><br><br>MEMORANDUM[*] |

On Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Submitted August 12, 2020[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.

Plaintiff Ditech Financial, LLC, timely appeals from entry of summary judgment in favor of Defendants. Reviewing de novo, CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n, 962 F.3d 1103, 1106 (9th Cir. 2020), we affirm.

1.      In Nevada, it is settled law that valid tender of payment requires payment in full. Bank of Am., N.A. v. SFR Invs. Pool 1, LLC, 427 P.3d 113, 117 (Nev. 2018) (en banc). "In addition to payment in full, valid tender must be unconditional, or with conditions on which the tendering party has a right to insist." Id. at 118. "The only legal conditions which may be attached to a valid tender are either a receipt for full payment or a surrender of the obligation." Id. (internal quotation marks omitted). Regarding payment of the superpriority portion of an HOA lien before the foreclosure sale is held, the Supreme Court of Nevada has adopted "the generally accepted rule that a promise to make a payment at a later date or once a certain condition has been satisfied cannot constitute a valid tender." 7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A., 458 P.3d 348, 350–51 (Nev. 2020) (en banc).

2.      The generally accepted exception to the rule that valid tender requires payment in full is that actual tender is not necessary where substantial evidence

---

[***]      The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

2

shows that the payment would not have been accepted. Perla Del Mar, 458 P.3d at 351. Ditech argues that it should be excused from tender because it was not determined whether Saticoy Bay would have rejected any attempt to tender to redeem the property. Ditech maintains that establishing futility of tender does not require it to show that Saticoy Bay or any Defendant or their agents had a policy of rejecting tender.

Ditech failed to bring forward evidence on this issue. In Corte Madera, the lender conceded that it did not introduce evidence in the district court that would support a finding of futility, and we declined to consider the unpreserved futility-of-tender argument. 962 F.3d at 1109 (citing Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1438 (9th Cir. 1993)). None of the pleadings filed by Ditech in the district court mentions that Saticoy Bay had a business policy regarding refusal of tender of payment during the redemption period or that Ditech had knowledge of such a policy.

Even if we were to conclude that the argument was preserved, it would be of no help to Ditech. Evidence that Saticoy Bay refused payment after the redemption period closed does not create an issue of fact as to whether tender of payment to Saticoy during the redemption period would have been futile. Once Ditech failed to timely pay to redeem its interest in the property, it was not entitled

to any relief that would prevent delivery of a deed to Saticoy Bay pursuant to section 116.31166(7)(a) of the Nevada Revised Statutes.

3. Ditech argues that, by issuing the statutory Notice to Redeem and seeking confirmation of the total amount necessary within the 60-day redemption window, it substantially complied with the notice and tender requirements found in sections 116.31166(3) and (4) of the Nevada Revised Statutes. Citing Saticoy Bay LLC Series 9050 W Warm Springs 2079 v. Nevada Ass'n Services, 444 P.3d 428, 430 (Nev. 2019), Ditech argues further that substantial compliance with the notice and tender provisions suffice for a lender to redeem foreclosed property. We disagree. Nothing in W Warm Springs 2079 or any other case suggests that the "substantial compliance" sufficient to discharge the notice requirement in section 116.31166(4) of the Nevada Revised Statutes extends to the payment requirement in section 116.31166(3). The Nevada Supreme Court did not use the phrase "substantial compliance" in connection with its discussion of the timely tender of payment under the redemption statute. In fact, the statutory redemption in W Warm Springs 2079 was successful because the redemption amount was timely and effectively paid. Id.; see also La Costa Loans, Inc. v. Grigorian, 460 P.3d 25, 2020 WL 1531427, at *2 (Nev. March 27, 2020) (finding no substantial compliance with notice requirement where defective notice was coupled with failure to pay any amount to redeem the property). Nothing in the applicable law

permits redemption of a foreclosed property by "substantial compliance" with the payment provision in section 116.31166(3) of the Nevada Revised Statutes.

**AFFIRMED.**