NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FEB 10 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | No. 19-15725 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-01705-MMD-PA |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted February 5, 2021**
San Francisco, California

Before: SILER,*** IKUTA, and NGUYEN, Circuit Judges.

SFR Investments Pool 1, LLC appeals from the district court's grant of

summary judgment for Nationstar Mortgage LLC. We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

28 U.S.C. § 1291, review de novo, *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1144 (9th Cir. 2018), and affirm.

The case arises from a foreclosure sale to satisfy a homeowner association ("HOA") "superpriority" lien in Nevada. Nationstar holds a first deed of trust on the property and sued the buyer, SFR, in 2015, asserting claims for quiet title and injunctive and declaratory relief. If a bank tenders payment of the full superpriority amount to an HOA before an HOA foreclosure sale, then the tender discharges the superpriority lien. *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018), *as amended* (Nov. 13, 2018). Here, the district court found no genuine dispute that the bank tendered payment of the full superpriority amount to the HOA's agent before the sale. Accordingly, the court entered judgment in favor of Nationstar and declared SFR's title subject to Nationstar's first deed of trust.

1. We need not decide whether the district court erred in determining that the bank tendered a check for the full superpriority amount. We may affirm the district court on "any" ground finding support in the record, *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1155 n.14 (9th Cir. 2002), and in this case the record is clear that tender would have been futile. *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 351-52 (Nev. 2020). In *Perla Del Mar*, the Nevada Supreme Court addressed futility in a case involving the same HOA agent—

2

Nevada Association Services ("NAS")—and the same law firm. *Id.* at 351. *Perla Del Mar* affirmed the district court's finding that even if the firm had tendered a check for the full superpriority amount, it would have been rejected, and thus, the bank was excused from making a formal tender. *Id.* at 351-52. The same logic applies here. Testimony from the bank's law firm and from the HOA agent's Rule 30(b)(6) witness confirmed that NAS would have rejected a check for any amount less than the full HOA lien of $2,670, a sum that far exceeds the superpriority calculation advanced by either litigant. Accordingly, the bank was excused from tendering the superpriority amount.

2. Given the futility of tender, SFR's other challenges to the validity of the bank's tender are moot. Regardless, we agree with the district court, that the letter accompanying the tender did not impermissibly exclude maintenance or nuisance-abatement fees. In this case, there were no such fees, and therefore the bank was entitled to exclude them from the superpriority calculation. The Nevada Supreme Court considered the effect of a similar letter and tender that stated endorsement of the check would be construed as "unconditional acceptance on your part of the facts stated herein and express agreement that [the bank]'s financial obligations towards the HOA in regards to the [property] have now been 'paid in full.'" *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d at 118. The court held that tender letters may include conditions upon which banks have a right

3

to insist, which include the condition that "acceptance of the tender would satisfy the superiority portion of the lien." *Id*. The maintenance and nuisance-abatement charges the bank disclaimed here were not included on the ledger.

**AFFIRMED.**