**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>    Plaintiff-counter-<br>    defendant-Appellee,<br><br>  v.<br><br>ALESSI & KOENIG, LLC; SOUTHERN<br>HIGHLANDS COMMUNITY<br>ASSOCIATION,<br><br>    Defendants,<br><br> and<br><br>BERNINI DR TRUST,<br><br>    Defendant-counter-claimant-<br>    Appellant. | No.   20-15584<br><br>D.C. No.<br>2:16-cv-00474-APG-BNW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted March 12, 2021[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Appellant Bernini Drive Trust (Bernini) appeals from the summary judgment in favor of appellee Bank of America, N.A. (BANA) in a quiet title dispute following a Nevada foreclosure sale. Defendant Southern Highlands Community Association (Southern Highlands), a homeowner's association, conducted the foreclosure sale through its foreclosure agent, defendant Alessi & Koenig, LLC (Alessi) pursuant to Nevada Revised Statutes § 116.3116 (2012). BANA commenced an action to determine whether its deed of trust survived the sale, and Bernini, the buyer, filed a quiet title counterclaim, contending that the sale extinguished BANA's interest in the property. On cross-motions for summary judgment, the district court ruled for BANA. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, we hold that BANA's quiet title action was not time-barred. For the reasons recently articulated by the Nevada Supreme Court in *U.S. Bank Trust, N.A. v. SFR Investments Pool 1, LLC* (*LSF8 Master Participation Trust*), 461 P.3d 159 (Nev. 2020) (unpublished), we reject Bernini's argument that the three-year statute of limitations in Nevada Revised Statutes § 11.190(3)(a) applies.[1]

---

[1] Although it is unpublished, we consider this decision to be highly persuasive. *See U.S. Bank, N.A. v. White Horse Ests. Homeowners Ass'n*, No. 19-17033, --- F.3d ---, 2021 WL 419483, at *3 n.2 (9th Cir. Feb. 8, 2021). We do not

Second, we agree with the district court that tender was excused as a matter of law under *7510 Perla Del Mar Ave Trust v. Bank of America, N.A.* (*Perla*), 458 P.3d 348 (Nev. 2020) (en banc). Just like in *Perla*, Alessi had a known policy of rejecting tender of the superpriority lien amount. At Alessi's 30(b)(6) deposition, David Alessi testified that during the period in question, the company had a policy of not accepting tender checks for the superpriority lien amount from Miles, Bauer, Bergstorm & Winters (Miles Bauer), BANA's counsel in dozens of foreclosure-related matters, including this one. Rock Jung, a former Miles Bauer attorney, submitted a declaration that similarly described Alessi's practice of rejecting tender. Bernini argues on appeal that Alessi's policy was to reject only tender offers that came with conditional "restrictive language," but the conditions Bernini refers to are those limiting the offer to the superpriority amount, which is an appropriate limitation under Nevada law. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC* (*Diamond Spur*), 427 P.3d 113, 118 (Nev. 2018) (en banc) ("Although Bank of America's tender included a condition, it had a right to insist on the condition."). Accordingly, BANA's interest in the property was preserved and Bernini purchased the property subject to the deed of trust. *Perla*, 458 P.3d at

---

resolve what limitations period, if any, does apply. *Cf. LSF8 Master Participation Tr.*, 461 P.3d at *1 n.2.

352.[2]

Lastly, because we hold that BANA's interest in the property was preserved by operation of law, we need not reach Bernini's arguments that it was a bona fide purchaser or that BANA is not entitled to equitable relief. *Cf. Diamond Spur*, 427 P.3d at 121 ("A party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void."); *Perla*, 458 P.3d at 350 n.1 ("Because we conclude that the Bank's obligation to tender was excused, we do not address the Bank's alternative argument that the sale should be set aside on equitable grounds.").

**AFFIRMED.**

---

[2] We need not address Bernini's argument that a factual question exists as to whether Alessi received the letter from Miles Bauer. Proving that Alessi received the letter is not required for BANA to meet its burden of establishing Alessi's known policy of rejecting tender.