NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARRINGTON MORTGAGE SERVICES, LLC,

Plaintiff-Counter-Defendant - Appellant,

v.

SILVERADO PLACE HOMEOWNERS' ASSOCIATION,

Defendant,

SATICOY BAY LLC, SERIES 10384 MIDSEASON MIST,

Defendant-Counter-Claimant - Appellee.

No. 24-6690

D.C. No.
2:17-cv-01311-RFB-BNW

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Argued and Submitted November 20, 2025
Phoenix, Arizona

Before: HAWKINS, HURWITZ, and COLLINS, Circuit Judges.

When a homeowners' association ("HOA") member defaults on dues, Nevada

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

law gives the HOA an extraordinary lien against the member's property. Nev. Rev. Stat. § 116.3116 *et seq*. The lien includes a superpriority component that extinguishes all other encumbrances, including senior deeds of trust, upon foreclosure. *Id*. § 116.3116(2)(b) (2012). However, a prior deedholder may preserve its deed of trust by tendering the superpriority amount of the lien or by showing "that the party entitled to payment had a known policy of rejecting such payments." *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 349 (Nev. 2020).

In 2009, Anthony Spradlin financed the purchase of a residence in Las Vegas with a loan secured by a first deed of trust, which was later assigned to Bank of America, N.A. ("BofA"). After Spradlin failed to pay HOA dues, the Silverado Place Homeowners' Association retained the law firm of Leach Johnson Song & Gruchow ("Leach Johnson") to foreclose on its lien.

Seeking to preserve BofA's deed of trust, its counsel, Miles Bauer Bergstrom & Winters ("Miles Bauer"), wrote Leach Johnson offering to pay the superpriority portion of the HOA lien. Miles Bauer's letter stated that the superpriority portion would be equal to "nine months of assessments for common expenses incurred before the date of [the HOA's] notice of delinquent assessment dated August 7, 2012," and asked Leach Johnson to disclose what that amount was. Leach Johnson's response contended that the superpriority amount included not only past dues, but also attorneys' fees and costs, and did not come into existence until the first deed of

trust was foreclosed. The Nevada Supreme Court later rejected these contentions. *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 412-14 (Nev. 2014) (explaining that the superpriority portion of the HOA lien attaches prior to foreclosure), *superseded by statute on other grounds as stated in Saticoy Bay LLC Series 9050 W Warm Springs 2079 v. Nev. Ass'n Servs.*, 444 P.3d 428, 430 (Nev. 2019); *Horizons at Seven Hills v. Ikon Holdings*, 373 P.3d 66, 72 (Nev. 2016) (explaining that the superpriority portion does not include attorneys' fees and costs).

The HOA conducted a foreclosure sale and Saticoy Bay LLC, Series 10384 Midseason Mist purchased the property. The first deed of trust was later transferred to Carrington Mortgage Services, LLC, which sued Saticoy to quiet title, alleging that the deed survived the foreclosure. After a bench trial, the district court entered judgment for Saticoy. We have jurisdiction over Carrington's appeal under 28 U.S.C. § 1291. We review the district court's findings of fact for clear error and its legal conclusions de novo. *See Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 612 (9th Cir. 2020). We reverse.

1. Because BofA did not tender payment, the dispositive issue is whether tender was excused. *Perla*, 458 P.3d at 351. Tender is excused if the HOA's agent— Leach Johnson—had a "known policy of rejecting such payments." *Id.* at 349; *see also LN Mgmt. LLC Series 1936 Via Firenze v. PennyMac Holdings, LLC*, No. 88108, 2025 WL 2384547, at *1 (Nev. Aug. 14, 2025) (affirming the district court's

holding that tender was excused because Leach Johnson "had a known policy of rejecting such tenders").

The district court found that Carrington failed to show "any attempt to tender was subjected to automatic rejection" by Leach Johnson because the law firm notified its HOA clients when it received a tender offer and asked them whether to accept it. However, the record evidence shows that when Leach Johnson made these notifications during the relevant time period, it "strongly recommend[ed] foreclosure," warning its clients that they "would be responsible to pay for any collection fees and costs" if they accepted a tender offer limited to nine months' worth of assessments, and that Leach Johnson's clients invariably followed these recommendations to proceed with foreclosure.

Miles Bauer also received hundreds of letters from Leach Johnson materially identical to the one in this case. A tender rejection policy may be shown "by conduct," and "formal tender is not necessary where a party has shown that it would not be accepted." *Perla*, 458 P.3d at 351 (cleaned up). Leach Johnson's rejection of tender across hundreds of interactions with Miles Bauer shows that "even if Miles Bauer had tendered a check for the superpriority amount, it would have been rejected." *Id*.; *see also Via Firenze,* 2025 WL 2384547, at *1. In reaching a contrary conclusion, the district court relied on language in Leach Johnson's letter stating that if BofA made a "partial payment" to the HOA, the HOA "would apply it to the

owner's past due balance." But the fact that Leach Johnson would accept only "partial" payment confirms that Leach Johnson would not accept a tender conditioned on agreement that "acceptance of the tender would satisfy the superpriority portion of the lien." *Bank of America, N.A. v. SFR Invests. Pool 1, LLC*, 427 P.3d 113, 118 (Nev. 2018) (holding that, in light of the clear language of the statute, such a condition was proper despite the HOA's disagreement); *see also Perla*, 458 P.3d at 351 n.4 (holding that a known practice to refuse properly conditioned tenders excuses failure to make such a tender)

2.      Moreover, the Nevada Supreme Court has recognized that "tender is excused where the lienor claims a larger sum than he or she is entitled to collect." *Perla*, 458 P.3d at 351-52 (cleaned up). Leach Johnson's response letter to Miles Bauer in this case erroneously asserted that the superpriority amount included attorneys' fees and costs. "If a demand for a larger sum is so made that it amounts to an announcement that it is useless to tender a smaller sum, it dispenses with the tender requirement." *Id*. at 351 (cleaned up).

3.      Viewing the trial record as a whole under the proper legal standards, we hold that the district court clearly erred in finding that tender was not excused as futile. We therefore reverse the judgment of the district court and remand with instructions to enter judgment for Carrington.

24-6690

**REVERSED and REMANDED.**[1]

---

[1] Carrington's motion to supplement or correct the record, **Dkt. 12,** is denied.